UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM,<br><br>　　　　　Defendant. | No.  2:22-cv-0396-JAM-KJN PS<br><br>ORDER GRANTING IFP REQUEST &<br>GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1-2) |

　　　　Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

　　　　However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

Rule 8(a) requires that a pleading contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6).[2] A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiff's two-page complaint asserts an unspecified 42 U.S.C § 1983 civil rights claim against Governor Gavin Newsom. (ECF No. 1 at 1.) Plaintiff alleges that, while he was in prison, he sent Governor Newsom a letter notifying him that on a certain date plaintiff would start a hunger strike—apparently to protest his "unconstitutional incarceration." (Id.; see id. at 3-8, providing copies of letters and "evidence" sent to Newsom.) The governor apparently did not respond, and plaintiff then "starved [him]self" for over three weeks, suffering physical and mental damages as a result. (Id. at 1.) Plaintiff requests $20,000,001 in damages. (Id. at 2.)

There are several problems with this complaint which plaintiff must fix if he wishes to move forward with this suit.

*1. Suing an Immune Defendant*

The main problem with the complaint is that it appears plaintiff is seeking to sue an immune defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). State immunity extends to state officials when acting in their official capacity on behalf of the state. See Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars § 1983 damages claims against state officials in their official capacity).

Governor Newsom is a state official, and it appears plaintiff is suing him for conduct taken in his official capacity in overseeing the state penal system—although it is unclear exactly what conduct plaintiff is challenging. Thus, it appears the governor is immune from this

3

Section 1983 suit for damages.  See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1162 (E.D. Cal. 2017) (finding claims for monetary relief against governor and others, in their official capacities, were barred by the Eleventh Amendment).

On the other hand, state officials may be sued (A) in their individual capacities for money damages under Section 1983 for causing deprivation of a federal right while acting under color of state law, or (B) in their official capacities for prospective declaratory or injunctive relief, as opposed to money damages.  See Hafer v. Melo, 502 U.S. 21, 25-26 (1991) (discussing § 1983); Pennhurst, 465 U.S. 104-05 (official-capacity claims for prospective relief).

As discussed below, plaintiff fails to sufficiently plead a claim under Section 1983, and at present the complaint seeks only monetary relief.  Unless plaintiff can, in good faith, amend his complaint to overcome the immunity bar, the action must be dismissed for lack of jurisdiction. See Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1159-90 ("Application of Eleventh Amendment immunity subjects a complaint to dismissal for lack of subject matter jurisdiction."); see also 28 U.S.C. § 1915(e)(2) (requiring dismissal of IFP complaints seeking monetary relief against an immune defendant).

### 2.  *Failure to State a Claim*

Further, plaintiff fails to plead the elements of a Section 1983 claim.  Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).  To state a claim under Section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

1   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2       Here, plaintiff totally fails to identify what federal right he believes the governor violated
3   by failing to respond to plaintiff's notification that he was starting a hunger strike.  Moreover,
4   even assuming a violation occurred, plaintiff fails to allege a causal connection between the
5   governor and the harms plaintiff experienced.  See Harper v. City of Los Angeles, 533 F.3d 1010,
6   1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's
7   conduct was the actionable cause of the claimed injury.").  There is no basis to infer that the
8   governor was legally required to respond to plaintiff's letters or otherwise intervene to stop his
9   self-imposed hunger strike.  Rather, it seems that plaintiff himself was the cause of his "damages
10  related to starvation & malnutrit[ion]."  (ECF No. 1 at 1.)

11      Thus, the present complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for
12  failure to state a claim on which relief may be granted.  However, plaintiff is granted leave to
13  amend to attempt to address these defects.

14      **Leave to Amend**

15      In light of plaintiff's self-represented status, and because it is at least conceivable that
16  plaintiff could allege additional facts to potentially state a claim, the court grants plaintiff an
17  opportunity to amend the complaint.  See Lopez, 203 F.3d at 1130 ("leave to amend should be
18  granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

19      If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the
20  "First Amended Complaint" and must set forth each of plaintiff's claims in separate sections
21  clearly identifying which defendant(s) are allegedly at fault for each claim (for example: Claim I
22  against defendants X, Y, and Z; Claim II against defendants R and S, etc.).  Each claim must
23  clearly identify what legal cause of action is being asserted; and within each claim, plaintiff must
24  succinctly specify who did what, when the events occurred, and how plaintiff was harmed by the
25  alleged conduct.

26      Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
27  to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended
28  complaint be complete in itself without reference to any prior pleading.  As a general rule, an

amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Within **30 days** of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action; and
3. Failure to file either a first amended complaint or a notice of voluntary dismissal by this deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  May 5, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fost.0396