UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:22-cv-0396-JAM-KJN PS |
| Plaintiff, | ORDER & FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 10) |
| GAVIN NEWSOM, | |
| Defendant. | |

Plaintiff is proceeding in this action without counsel and in forma pauperis ("IFP").[1] (ECF Nos. 2, 9.) In screening the complaint pursuant to 28 U.S.C. § 1915, the undersigned concluded that the complaint failed to state a valid claim for relief, and—after explaining the problems with the complaint—granted plaintiff leave to file an amended complaint addressing those deficiencies. (ECF No. 9.) On May 11, 2022, plaintiff filed a First Amended Complaint ("FAC"), which is now before the court for re-screening. (ECF No. 10.) Because the FAC does not cure the deficiencies previously identified, the undersigned recommends dismissing the case for failure to state a claim.

///

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Rule 8(a)[2] requires that a pleading contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

///

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Procedural History**

When this action was first filed, the Clerk of Court erroneously issued a summons and case initiating documents immediately upon the filing of plaintiff's complaint and IFP application—instead of waiting for the undersigned to screen the complaint and decide whether a summons and service was appropriate.  (ECF No. 3.)  The next day, March 4, 2022, the Clerk issued and served on plaintiff a notice that the case initiating documents had been issued in error.  (ECF No. 4.)

Nevertheless, on April 20, 2022, plaintiff filed a request for entry of default against the sole defendant named in the complaint (Governor Gavin Newsom), believing that the defendant's deadline to answer had expired.  (ECF No. 7.)  The Clerk declined to enter default, noting that plaintiff's IFP motion was still pending and the complaint had not been screened.  (ECF No. 8.)

On May 5, 2022, the undersigned screened the complaint and found that it failed to state a claim and thus service was not appropriate.  (ECF No. 9.)  Plaintiff was granted leave to file an amended complaint addressing the defects explained in the screening order.  (Id. at 3-6.)  On May 11, 2022, plaintiff filed the FAC which is now before the undersigned for re-screening.

(ECF No. 10.)

Between May 27 and June 1, 2022, plaintiff then sent numerous emails about this case to members of the court's staff.  **Plaintiff shall refrain from sending any further emails to court employees.**  The only proper form of communication with the court is through filing documents for review on the court's docket.  Further, as explained below, the undersigned is recommending that this case be dismissed, so the only proper filing at this point would be the filing of any objections to these findings and recommendations.

### Analysis

In this action, plaintiff is suing Governor Gavin Newsom as the sole defendant under 42 U.S.C. § 1983 for harms plaintiff experienced as a result of a self-imposed hunger strike while incarcerated.  (ECF Nos. 1, 10.)  In screening the original complaint, the undersigned concluded that plaintiff failed to establish this court's jurisdiction by suing an immune state official for money damages, and also failed to state any underlying § 1983 claim.  (ECF No. 9.)  The court explained how plaintiff might amend the complaint to avoid the immunity barrier, and explained the necessary elements of a § 1983 claim.  (Id. at 3-5.)

The FAC provides greater detail regarding the timeline of events surrounding plaintiff's hunger strike and letters sent to the Governor without any response.  (ECF No. 10 at 1-3.)  However, the FAC still seeks purely money damages from the Governor for conduct taken (or rather, not taken) in his official capacity; and the FAC still fails to invoke any particular constitutional right and fails to connect the Governor's inaction to the harms alleged.  Accordingly, the undersigned recommends dismissal for the same reasons explained in the prior screening order.

    *1. Suing an Immune Defendant*

First, dismissal is appropriate because plaintiff is seeking to sue an immune defendant.  The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  State immunity extends to state officials when acting in their official capacity on behalf of the state.  See Flint v. Dennison, 488 F.3d 816, 824-25 (9th

Cir. 2007) (Eleventh Amendment bars § 1983 damages claims against state officials in their official capacity).

Governor Newsom is a state official, and plaintiff is suing him for conduct taken (or rather, not taken) in his official capacity in overseeing the state penal system. Thus, the Governor is immune from this § 1983 suit for damages. See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1162 (E.D. Cal. 2017) (finding claims for monetary relief against governor and others, in their official capacities, were barred by the Eleventh Amendment).

Despite the court's invitation, the FAC does not include any allegations that suggest the Governor is being named in his individual capacity, nor does it seek any form of prospective declaratory or injunctive relief, as opposed to money damages. See Hafer v. Melo, 502 U.S. 21, 25-26 (1991) (discussing § 1983 individual-capacity claims); Pennhurst, 465 U.S. 104-05 (official-capacity claims for prospective relief).

Given plaintiff's failure to overcome the immunity bar, the action could be dismissed for lack of jurisdiction. See Comm. to Protect our Agric. Water, 235 F. Supp. 3d at 1159-90 ("Application of Eleventh Amendment immunity subjects a complaint to dismissal for lack of subject matter jurisdiction."); see also 28 U.S.C. § 1915(e)(2) (requiring dismissal of IFP complaints seeking monetary relief against an immune defendant). However, broadly construing the FAC to name Governor Newsom in his individual capacity, the undersigned recommends dismissal for failure to state a claim instead.

### 2. *Failure to State a Claim*

Despite the court's prior explanation of the problems with plaintiff's § 1983 claim, the FAC still fails to plead the elements of a § 1983 claim against the Governor. Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under Section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48

(1988).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff totally fails to identify what federal right he believes the Governor violated by failing to respond to plaintiff's notification that he was starting a hunger strike.  The FAC indicates that plaintiff undertook this hunger strike as a means of encouraging the Governor to investigate evidence that allegedly exonerated plaintiff of the crimes for which he was incarcerated.  (ECF No. 10 at 1-2.)  However, as explained before, there is no basis to infer that the Governor was legally required to respond to plaintiff's letters or otherwise intervene to stop plaintiff's self-imposed hunger strike.

Even assuming a constitutional violation occurred, the FAC still fails to allege a causal connection between the Governor and the harms plaintiff experienced.  See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  Rather, plaintiff himself caused the numerous starvation-related injuries listed in the FAC.  (ECF No. 10 at 3.)

Thus, the FAC should be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

Because the FAC largely repleads allegations that the court already found insufficient, and fails to meaningfully incorporate the court's instructions for amendment, the undersigned recommends dismissing this case without further leave to amend.  See Cahill, 80 F.3d at 339 (no leave to amend where amendment would be futile).

///

///

# RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2); and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

# ORDER

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated: June 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fost.0396